UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANE ALLEN ERIC ISCARO,

        Plaintiff,                     Case No. 2:10-cv-241

v.                                           Honorable R. Allan Edgar

UNKNOWN PARTY #1, et al.,

        Defendants.
_____/

**OPINION**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Inspector Unknown Party #1, MDOC Director Patricia Caruso, Property Corrections Officer Scott Smith, Resident Unit Officer Unknown Bernhardt, Assistant Resident Unit Supervisor Unknown Thomas, Resident Unit Manager T. Swift, Warden Gregory McQuiggin, Grievance Coordinator M. McClean, Assistant Deputy Warden Unknown Andrzejak, Resident Unit Officer Unknown Hall, Inspector Ian McDonald, Resident Unit Manager D. Mansfield, Resident Unit Officer Unknown Koben, Resident Unit Officer N. Smith, Resident Unit Officer Unknown Headley, Resident Unit Officer Unknown Reed, Assistant Deputy Warden J. Nadeau, Deputy Warden Unknown Boynton, Resident Unit Manager G. Lemon, Barbara Storey, Lieutenant Unknown Altoft, Health Care Corrections Officer Unknown Party #2, Assistant Deputy Warden Unknown Party #3, Hearing Investigator Unknown Party #4, Britney Danielle Wittebort, Inspector Unknown Party #5, Mail Room Worker Colleen Myotte, J. Grenier, Warden Jeff Woods, Administrative Assistant Michael Sibbald, Hearing Officer Unknown Theut, Hearing Officer Unknown O'Brien, MDOC Deputy

Director Dennis Straub, Regional Prison Administrator Unknown Sherry, and 39th Circuit Court Judge Rosemarie Aquilina. Plaintiff has filed a request for a preliminary injunction, seeking visitation with "qualified clergy."

The court has reviewed Plaintiff's request for injunctive relief and concludes that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, Plaintiff's request for a temporary restraining order and preliminary injunction will be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears

a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff alleges that the defendants have imposed a visitor restriction on him based on the false accusations of a private individual. A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. Plaintiff alleges that he was improperly found guilty of two misconduct convictions for substance abuse and that he was subsequently placed on visitor restriction. Plaintiff attaches a copy of a memo from MDOC Director Caruso to Deputy Director Straub that he was being placed on restriction as of February 27, 2009, and that he would not be considered for removal from the restriction for at least two years. However, it appears from Plaintiff's complaint that he received hearings on his misconduct tickets. "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). Moreover, Plaintiff fails to allege any specific facts showing that visitation with clergy is necessary for him to practice his religious beliefs. In fact, it appears from Plaintiff's complaint that the "spiritual advisor" that Plaintiff was seeking to have visitation with was also his "fiancée" and that she has since broken off the relationship. (*See* Plaintiff's complaint, ¶ 26.) In fact, Plaintiff fails to specify the nature of his religious affiliation or the details of his religious beliefs.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, the court will deny Plaintiff's motion for a preliminary injunction (docket #4).


Dated:        9/27/2011                         /s/ R. Allan Edgar
                                                R. Allan Edgar
                                                United States District Judge